UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LEISHA BERTRAND                    :          CIVIL ACTION NO. 2:10-cv-867

VS.                                :          JUDGE MINALDI

CITY OF LAKE CHARLES               :          MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a request for an award of attorneys' fees [Doc. 42] by plaintiff, Leisha

Bertrand, which was referred to the undersigned by Judge Minaldi in her judgment dated May

29, 2012.  Doc. 44.  During the pendency of that request, plaintiff has filed a supplemental

request for an award of attorneys' fees.  Doc. 58.

I.     <u>Background</u>:

Plaintiff brought two claims against defendant, the City of Lake Charles.  The first claim

sought relief under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, *et*

*seq.*) and 42 U.S.C. § 1983.  Plaintiff claimed that defendant was vicariously liable for the

alleged sexual harassment by plaintiff's supervisor, Todd Sherman.  Doc. 1, pp. 1–3.  The district

court ultimately dismissed this claim.  Doc. 39, pp. 9–10.

The second claim sought relief pursuant to the Family Medical Leave Act ("FMLA"), 29

U.S.C. § 2601, *et seq.*  Plaintiff alleged that the she was impermissibly denied requested leave.

The court concluded that the City impermissibly denied plaintiff leave and impermissibly

retaliated against plaintiff for asserting her statutory rights.  Doc. 39, pp. 10–13.  The court

entered judgment against defendant in the amount of $129,357.01 with an additional amount in attorneys' fees to be decided by the undersigned.  Doc. 44.

The parties have recently informed the court that they have settled many of the outstanding issues left unresolved by the judgment of the court.  The question of attorneys' fees is the sole issue left to be resolved.  Doc. 68.

## II.     Plaintiff's Original Request for Attorneys' Fees:

The FMLA provides for reasonable attorneys' fees to be awarded to a prevailing plaintiff. 29 U.S.C. § 2617(a)(3).  The parties agree that this court is entitled to impose attorneys' fees in accordance with the standards elucidated by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and its progeny.[1]

The court begins its inquiry by asking whether plaintiff is a "prevailing party." *Eckerhart*, 461 U.S. at 433.  This requirement is not high, requiring only that plaintiff "succeed on any significant issue in litigation which achieves some of the benefits [plaintiff] sought in bringing suit."  *Id.* (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)).  The undersigned concludes that plaintiff is a prevailing party as she secured a judgment in her favor on her FMLA claim.  *See Farrar v. Hobby*, 506 U.S. 100, 109 (1992).

Second, the court must "determine what fee is 'reasonable.'"  *Eckerhart*, 461 U.S. at 433. The court reaches a preliminary figure from which to work by "calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  Counsel should exercise caution to document their time adequately and should exercise "billing judgment" by "mak[ing] a food faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary . . . ."  *Id.* at 433–34.

---

[1] The court notes that *Hensley* did not discuss the imposition of attorneys' fees under the FMLA, rather it discussed the standard by which attorneys' fees could be imposed pursuant to 42 U.S.C. § 1988(b).  Nevertheless, the court believes that the standard used should be the same given the similar statutory language.

In conducting this analysis, the court must consider the factors elucidated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The factors are as follows:

|       |                                                                 |
|-------|-----------------------------------------------------------------|
| (1)   | the time and labor required,                                    |
| (2)   | the novelty and difficulty of the issues,                       |
| (3)   | the skill required to perform the legal services properly,      |
| (4)   | the preclusion of other employment,                             |
| (5)   | the customary fee,                                              |
| (6)   | whether the fee is fixed or contingent,                         |
| (7)   | time limitations imposed by the client or the circumstances,    |
| (8)   | the amount involved and the results obtained,                   |
| (9)   | the experience, reputation, and ability of the attorneys,       |
| (10)  | the undesirability of the case,                                 |
| (11)  | the nature and length of the professional relationship with the client, and |
| (12)  | awards in similar cases.                                        |

*Id.* at 717–19.

Plaintiff's claims were advanced by two attorneys—Dale E. Williams and James R. Morris.  Plaintiff submits that the reasonable hourly rates of compensation for Mr. Williams and Mr. Morris are $250.00 and $225.00, respectively.  Doc. 42, Att. 1, pp. 8–11.  Both attorneys have included affidavit attesting to their experience and ability in seeing similar litigation through trial.  Doc. 42, Atts. 2, 5.   Moreover, plaintiff has attached a copy of counsels' records of hours billed on this case, with edits to reflect billing judgment.  Plaintiff maintains that Mr. Williams expended 201.3 hours on the case while Mr. Morris expended 142.1 hours.  Doc. 42, Atts. 4, 7.

The fee of Mr. Williams individually totals $50,325.00, and the fee of Mr. Morris individually totals $31,972.50.  The combined total of both attorneys comes to $82,287.50.  Defendant does not contest the amount of hours expended by the attorneys or their rate per hour.  Doc. 47, p. 1.

After conducting an independent examination of the materials provided by plaintiff, the court concludes that the figures provided by plaintiff are appropriate in light of the *Johnson*

factors previously mentioned.  From this base figure, or "lodestar", the court must "adjust the fee

upward or downward" based on other considerations.  *Eckerhart,* 461 U.S. at 434.

A.  <u>**Upward Adjustment**</u>:

Plaintiff contends that the lodestar should be adjusted upward because there is a shortage

of counsel in the area with the requisite expertise to pursue FMLA cases.  Doc. 42, Att. 1, pp.

11–12.  She argues that an upward adjustment will encourage other lawyers to fill this void in the

community.

We do not award an upward adjustment in this instance as plaintiff has failed to provide

any evidence of that the local attorney market is deficient in this respect.  *Leroy v. City of*

*Houston*, 831 F.2d 576, 584 (5th Cir. 1987) (requiring "an adequate record which would

evidence" the need for any enhancement to the lodestar figure).

B.  <u>**Downward Adjustment**</u>:

Defendant asks this court to adjust downward any award of attorneys' fees because

plaintiff was unsuccessful in pursuing her Title VII claim.

The Supreme Court has made clear that "results obtained" is a crucial factor that the court

must consider.   In assessing results the court must consider (1) whether plaintiff was

unsuccessful on claims "unrelated to the claims on which [she] succeeded," and (2) whether

"plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory

basis for making a fee award[.]"  *Id.*  The Court explains the rationale behind this inquiry as

follows:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for
> relief that are based on different facts and legal theories.  In such a suit, even
> where the claims are brought against the same defendants — often an institution
> and its officers . . . . —counsel's work on one claim will be unrelated to his work
> on another claim.  Accordingly, work on an unsuccessful claim cannot be deemed
> to have been expended in pursuit of the ultimate result achieved.

*Id.* at 434–35 (citation and internal quotation marks omitted).

Defendant correctly notes that plaintiff was unsuccessful in pursuing her Title VII claim. Defendant argues that the Title VII claim is distinct from the FMLA claim and that there lacks a "common core of fact" between the two. As the claims were "separate and distinct" from one another, defendant requests that the previous calculation of the base award previously identified be cut in half. Doc. 47, pp. 2, 4.

Plaintiff responds with several arguments. She argues that both claims "involve[d] enquiries into the circumstances of termination." Doc. 49, p. 1. Moreover, she notes that most of the filings did not deal exclusively with one claim or the other; rather, they dealt with procedural issues common to both. Doc. 49, p. 1. Similarly, only one of the witnesses deposed dealt primarily with the Title VII claim. The rest testified to the circumstances surrounding plaintiff's termination and her FMLA claim. Doc. 49, p. 2. As such, plaintiff says that a reduction is inappropriate because plaintiff's claims were not "distinct in all respects." Doc. 49, p. 3.

Plaintiff is correct that there is a great deal of labor common to both causes of action that would have been expended even if plaintiff had only pursued her FMLA claim. Moreover, there is some factual and legal overlap between the two claims. Plaintiff was terminated by the defendant and it was counsel's task to unravel the circumstances of plaintiff's termination. *See Eckerhart*, 461 U.S. at 435 (""Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours on a claim-by-claim basis.").

On the other hand, however, the court cannot conclude that the two legal theories are inseparable. The claims could have been litigated in separate suits. The FMLA was not an alternative theory in the event the Title VII claim was unsuccessful. Plaintiff concedes that some

of the work, specifically with regards to witness Todd Sherman, dealt primarily with the Title VII claim alone.

The court concludes reduction in the lodestar is necessary.  The *Eckerhart* Court made clear that it is incumbent upon those seeking attorneys' fees to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  461 U.S. at 437 (footnote omitted).  However, counsel has not undertaken such an effort and the undersigned is unable to make such a determination by reference to the tables provided.  "When the documentation of hours is inadequate for the court to identify those hours spent on prevailing claims which are separate and distinct from other claims, the court may reduce the fee award accordingly."  *Von Clark v. Butler*, 916 F.2d 255, 259 (citations omitted).  "Absent a reliable record of the time expended on the prevailing claim, it is within the discretion of the district court to determine a reasonable number of hours that should have been expended in pursuing the claim on which the party prevailed."  *Id.*

Defendant would resolve the situation by essentially cutting counsels' billable hours in half.  The court rejects this suggestion as excessive.  After reviewing the timesheets provided by counsel for plaintiff and the record as a whole, the court concludes that the amount of hours billed should be reduced by twenty-five percent (25%) so as to not compensate plaintiff for the time spent in pursuit of the Title VII claim.  Seventy-five percent (75%) of the original hours billed yields a number that reflects the amount of time counsel would have reasonably expended in pursuit of the successful FMLA claim alone.

The lodestar calculated above totaled $82,287.50, and after reducing this amount by twenty-five percent (2%), the net amount of attorneys' fees comes to $61,715.63.

### III.   <u>Plaintiff's Supplemental Request</u>:

Plaintiff has submitted a supplemental motion for attorneys' fees.  She maintains that that her counsel performed additional and necessary legal work on her case after the original motion was filed.  Doc. 58.  The documentation attached to supplemental motion reflects that Mr. Morris expended 7.8 hours of labor at $225.00 per hour, while Mr. Williams spent 34.4 hours on the case at the rate of $250.00 per hour.  Doc. 58, Atts. 1, 2.  The total cost fees amount comes to $1,775.00 and $8,600.00 for Mr. Morris and Mr. Williams, respectively, or a grand total of $10,375.00.

Defendant objects on the sole ground that it believes fees may be "awarded for time spent on prosecuting the case [but] that time spent in regard to post trial settlement discussions should not be considered prosecuting the case."  Doc. 63.  Defendant fails to cite any basis for this distinction.

Time spent by counsel in pursuit of settlement should be recoverable to the extent that such effort was "reasonable."  *See Espinoza v. Hillwood Square Mut. Ass'n*, 532 F.Supp. 440 (E.D. Va. 1982) (denying an award of attorneys' fees for time spent in settlement negotiations where plaintiffs "failed to make a reasonable settlement offer").    Moreover, defendant's distinction stands counter to the strong public policy supporting the settlement of disputes.  *U.S. v. City of Miami, Fla.*, 614 F.2d 1322, 1334 (5th Cir. 1980) ("Settlement of lawsuits by agreement has always been favored.").

The court notes that a flat twenty-five percent (25%) reduction is not warranted with respect to the supplemental request.  The Title VII claim had already been dismissed at this stage of the litigation and there is no indication that counsel expended effort in pursuit of resurrecting this claim.

IV.    **Conclusion**:

Plaintiff is entitled to $61,715.63 in attorneys' fees per her initial request plus $10,375.00 in attorneys' fees per her supplemental request.  The total award to plaintiff for attorney fees is $72,090.63.  **.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 24th day of February, 2013.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE